U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 6 2005

ROBERT H. SHEMWELL, CLERK
BY _____
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| KENNETH FRANCIS | CIVIL ACTION NO. 03-0307 |
| VERSUS | JUDGE LITTLE |
| BARON KAYLO, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the Court is a Motion for Summary Judgment (Doc. # 25) filed by Kenneth Francis ("Plaintiff") in the above captioned matter, which was filed pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding pro se and *in forma pauperis*. He is currently incarcerated at Avoyelles Correctional Center ("AVC") in Cottonport, Louisiana. This matter was referred to the undersigned Magistrate Judge for Report and Recommendation pursuant to a standing order of this Court.

This suit is currently pending against only one remaining defendant, Charles Dubroc. Plaintiff's claims against all other defendants were dismissed as frivolous or for failure to state a claim upon which relief could be granted. (Doc. # 11.)

### Factual Background and Nature of Claims

Plaintiff claims that there is no genuine issue of material fact and that he is entitled to judgment finding that Defendant Dubroc is liable for the use of excessive force in violation of the Eighth Amendment to the U.S. Constitution. Plaintiff alleged that on March 11, 2002, Dubroc ordered another inmate, Edward White ("White") into the same cell as Plaintiff. (Doc. # 25, p.1.) Plaintiff claims that he objected to the move because he and White are enemies, and Plaintiff made his objection known to Dubroc. Defendant Dubroc has admitted that Plaintiff told him that he did not want White in his cell, and Dubroc also stated that Plaintiff cursed at him and threatened to hurt

White. (Doc. #25, Exhibit, p. 2, 5.) Plaintiff and Dubroc exchanged derogatory statements with one another. (Doc. #25, p.10.) Dubroc then ordered Plaintiff's cell door closed, and Dubroc left the area with White. Approximately two to three minutes later, Dubroc returned to Plaintiff's jail cell with Teddrick Guillot (AVC captain) and sprayed a chemical agent into Plaintiff's face. (Doc. #25, p.10.)

Plaintiff asserts that Dubroc's actions amount to excessive force and cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

## Summary Judgment Standard

The district judge previously ruled that Plaintiff's complaint against Dubroc should not be dismissed as frivolous or for failure to state a claim upon which relief can be granted. A complaint is frivolous if it lacks an arguable basis in law (i.e., it is based upon an undisputably meritless legal theory) or in fact (i.e., the facts are clearly baseless or the allegations are fanciful, fantastic, or delusional). See Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995); Booker v. Konce, 2 F.3d 114, 115 (5th Cir. 1993). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Smith v. Winter, 782 F.2d 508, 511-12 (5th Cir. 1986). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegation as true. See Horton v. Cockrell, 70 F.3d 397, 400 (5th Cir. 1996).

While a decision to dismiss a claim as frivolous or for failure to state a claim upon which relief can be granted is based on the complaint, summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there are no genuine issues as to any material fact and that the moving party is entitled to

judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record that highlight the absence of genuine issues of material fact. Topalian v. Ehrmann, 954 F.2d 1125, 1132 (5th Cir. 1992), *cert.den.*, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46.

A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. Id. The moving party cannot satisfy its initial burden simply by setting forth conclusory statements that the nonmoving party has no evidence to prove its case. Ashe v. Corley, 992 F.2d 540, 543 (5th Cir. 1993).

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. Norman v. Apache Corp., 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. Anderson, 477 U.S. at 255; Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment. Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir.), *cert. den.*, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). The opposing party must set forth specific issues for trial. Rushing v. Kansas City Southern

Ry. Co., 185 F.3d 496 (5th Cir. 1999), *cert. den.*, 528 U.S. 1160, 120 S.Ct. 1171, 145 L.Ed.2d 1080 (2000).

## Analysis

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to Eighth Amendment scrutiny. See Helling v. McKinney, 509 U.S. 25 (1993). While Eighth Amendment jurisprudence is formed by the "evolving standards of decency that mark progress of a maturing society," Trop v. Dulles, 356 U.S. 86, 101 (1958), the focus of the Eighth Amendment remains its proscription of the "unnecessary and wanton infliction of pain" or any infliction of pain that cannot be justified by credible penological concern, Gregg v. Georgia, 428 U.S. 153, 173 (1976). Accordingly, the Eighth Amendment serves as the primary source of substantive protection in cases following conviction where prison officials stand accused of using excessive physical force. See Whitley v. Albers, 475 U.S. 312, 318-26 (1986).

The use of force by prison guards violates the Eighth Amendment when it is not applied in a "good faith effort to maintain or restore discipline," but is administered "maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1 (1992), *citing* Whitley, 475 U.S. at 320-21. When determining whether the force used was in violation of a prisoner's Eighth Amendment rights, a court must consider (1) the extent of the injury suffered, (2) the need for application of force, (3) the relationship between the need for and the amount of force used, (4) the threat reasonably perceived by the responsible party, and (5) any efforts made to temper the severity of the forceful response. See Hudson, 503 U.S. at 7. Furthermore, prison officers may have to act quickly and decisively and are therefore entitled to wide ranging deference. See Baldwin v. Stadler, 137 F.3d 836, 840 (5th Cir. 1998).

Although Francis was initially disobedient and unruly, he has stated several times that Dubroc sprayed him with a chemical agent two to three minutes after the altercation subsided, while Plaintiff was locked in his cell. (Doc. # 10, p. 4, Doc. # 25, p.10.) Specifically, Plaintiff claimed that Dubroc closed and locked Plaintiff's cell, left the area with White, and then returned two to three minutes later with the chemical agent. As the district judge in this matter previously stated, "If Francis's representation of these facts is accurate, he might have an Eighth Amendment claim for excessive physical force." (Doc. #11, Judgment & Order, p.1.)

Despite the district judge's decision, Defendant Dubroc does not address the alleged two to three minute time lapse in his opposition memorandum. Dubroc simply claims, "[Dubroc] obtained permission from Capt. Teddrick Guillot to use deep freeze agent on Inmate Francis in an attempt to subdue him, in accordance with Avoyelles Correctional Center Policy...." (Doc. #30, p.7.) Dubroc does not deny that two to three minutes passed before he sprayed Plaintiff with deep freeze gas, nor does he deny that the altercation has subsided prior to his administering the deep freeze gas.

In situations where a prisoner is recalcitrant, prison officials are entitled to "wide-ranging deference." Baldwin v. Stadler, 137 F.3d 836, 840 (5th Cir. 1998) (use of mace to quell a disturbance on a bus did not constitute excessive force). "The amount of force that is constitutionally permissible... must be judged by the context in which the force is deployed." Id. The use of mace or tear gas does not constitute cruel and unusual punishment *when reasonably necessary to subdue a recalcitrant prisoner.* See Clemmons v. Greggs, 509 F.2d 1338, 1340 (5th Cir. 1975). Here, the question is whether the use of a deep freeze gas agent was reasonably necessary to subdue Plaintiff. While Dubroc's use of the agent was in response to Plaintiff's unruliness after refusing to accept his new cell mate, the agent was apparently not used in the heat of the altercation. Rather, it is alleged

5

that Dubroc closed Plaintiff's cell door, removed White from the area, and then returned with the chemical agent some two to three minutes after the altercation took place.

Although Dubroc has not contested the amount of time that allegedly elapsed between the altercation and the use of the chemical agent, there are genuine issues as to whether Dubroc applied force in a good faith effort to maintain discipline; when and how the force was applied; whether Dubroc acted in a malicious and sadistic manner to cause harm; whether Plaintiff received a warning of the consequence if he refused to obey Dubroc's orders per prison guidelines; whether the extent of the threat perceived by Dubroc was reasonable; and whether the injuries allegedly suffered were more than de minimis. The determination of these facts and issues will affect the outcome of the case.

For all of the forgoing reasons, there are genuine issues of material fact that preclude the granting of summary judgment.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the motion for summary judgment filed by Plaintiff Kenneth Francis be DENIED.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this ____ day of _____, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE