# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### ALEXANDRIA DIVISION

KENNETH FRANCIS

-vs-

BARON KAYLO, ET AL.

CIVIL ACTION NO. 03-0307

JUDGE LITTLE

## <u>ORDER</u>

Before the court is a report and recommendation of the magistrate recommending that the Motion for Summary Judgment ("Motion") [Doc. #25], on his Complaint under 42 U.S.C. § 1983, filed by *pro se* prisoner Plaintiff Kenneth Francis ("Francis"), proceeding *in forma pauperis*, be denied because there are genuine issues as to material facts that preclude the granting of summary judgment. Francis has timely filed an objection.[1] The sole remaining defendant, Lieutenant Charles Dubroc ("Dubroc"), has timely filed an opposition to Francis's objection. After a de novo review of the portions of the report Francis has objected to, as well as of the entire record, this court accepts the findings and recommendations of the magistrate and adopts the report as correct and, to clarify, adds the

---

[1] This court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations by the magistrate. <u>See</u> <u>United States v. Wilson</u>, 864 F.2d 1219, 1221 (5th Cir. 1989); 28 U.S.C. § 636(b)(1) (2002); LR 74.1W(B) (2004). The district court is not, however, required to reiterate the findings and conclusions of the magistrate if found to be correct. <u>See</u> <u>Warren v. Miles</u>, 230 F.3d 688, 694-95 (5th Cir. 2000); <u>Koetting v. Thompson</u>, 995 F.2d 37, 40 (5th Cir. 1993).

following reasoning to address one of Francis's objections.

Francis's only remaining claim in his Motion is that, on 11 March 2002, Dubroc used excessive force in spraying Francis's face with a deep freeze agent in violation of the Eighth Amendment. According to Dubroc, due to a lack of space in the prison, he brought inmate Edward White to place him in Francis's cell. Francis vehemently opposed the move because he told Dubroc that White was his arch nemesis. Francis threatened to hurt White and cursed Dubroc. Dubroc ordered Francis to cease his disturbance, but he refused. Francis's main allegation in his Motion was that after Dubroc took inmate White away from Francis's cell and left, approximately two to three minutes passed before Dubroc returned with Captain Teddrick Guillot and Dubroc sprayed the deep freeze agent in Francis's face, despite the fact that Francis had been locked in his cell and the disturbance had allegedly stopped. Neither of Francis's affidavits submitted with his Motion, however, from inmates Michael Bennett and Clarence McLaren, corroborate Francis's allegation that two to three minutes passed after Dubroc left Francis's cell. While Dubroc's affidavit submitted with his response to Francis's Motion does not mention the amount of time that elapsed between each of his actions, it also does not state that any such time period elapsed, let alone a two-three minute period, before Dubroc obtained permission from Captain Guillot to use the deep freeze agent in an attempt to subdue him. This contradiction, among others, presents at least one genuine issue as to a material fact for trial. Thus, the magistrate properly denied Francis's Motion.

Furthermore, Francis's Objection [#33] does not proffer any affidavits or other competent evidence other than conclusory allegations to rebut Dubroc's affidavit or to prove

that there was such a two-three minute period. Dubroc's opposition to Francis's Objection [#34], although nearly identical to his opposition to Francis's Motion [#30], points out that Francis has proffered no such evidence to prove that there was a two-three minute interval. As stated above, although Dubroc's affidavit does not contest the time period, it suggests that Captain Guillot's permission was obtained immediately after Francis refused to cease his disturbance. Moreover, at one point, Francis's Objection actually contradicts the basis for his Motion by asserting that his summary judgment evidence "at least raised an issue of material fact on each of the following elements" relating to whether: (1) the use of force was clearly excessive to the need; (2) the excessive force was objectively unreasonable; and (3) the action constituted an unnecessary and wanton infliction of pain. Francis's Objection, at 6. Of course, to succeed on a motion for summary judgment, Francis must prove the opposite, that there is *no* genuine issue as to any material fact and that he is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Francis's Objection fails to proffer any evidence proving that there was such a two-three minute period. His Objection also fails to prove that there is no genuine issue as to any material fact for trial with respect to whether Dubroc applied the force in a good faith effort to maintain or restore discipline, when and how the force was applied, whether Dubroc administered the force in a malicious and sadistic manner to cause harm, whether Francis received a warning and was shown the chemical agent canister and advised that it would be used if he again failed to comply with Dubroc's order per prison guidelines. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Baldwin v. Stalder, 137 F.3d 836, 838-40 (5th Cir. 1998). Francis's Motion, therefore, was properly

denied by the magistrate.

Accordingly, Francis's Motion for Summary Judgment [Doc. #25], on his Complaint

filed pursuant to 42 U.S.C. § 1983, is DENIED.

Alexandria, Louisiana

27  July 2005

_____
F.A. LITTLE, JR.
UNITED STATES DISTRICT JUDGE